# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-22-00820-CV

---

**Phillip "Baby Shark" Scott, Appellant**

**v.**

**Comal County Magistrate Andrew Leonie, Appellee**

---

### FROM THE COUNTY COURT OF COMAL COUNTY

---

## M E M O R A N D U M   O P I N I O N

Phillip "Baby Shark" Scott filed a notice of appeal on December 19, 2022, purporting to appeal from a proceeding before Comal County Magistrate Andrew Leonie and seeking as relief dismissal of alleged pending criminal charges against him. However, the notice of appeal does not identify a final and appealable order or judgment from which Scott is seeking relief. *See* Tex. R. App. P. 25.1 (stating required contents of notice of appeal); *see also* Tex. Civ. Prac. & Rem. Code § 51.012 (authorizing appeal "from a final judgment of the district or county court"); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (explaining that appeal generally may only be taken from final judgment that disposes of all pending parties and claims in record unless statute provides for interlocutory appeal). On March 22, 2023, the Clerk of this Court sent notice to Scott asking him to explain how this Court may exercise jurisdiction over this appeal and warning him that failure to respond may result in the dismissal of this appeal.

Scott's response was due on or before April 3, 2023. To date, no response has been filed, and we must conclude that we do not have jurisdiction over this appeal.

To the extent that Scott's filing could be construed as an application for writ of habeas corpus rather than a notice of appeal, we would be unable to provide the requested relief. This Court does not have original habeas-corpus jurisdiction in criminal cases. *See* Tex. Const. art. V, § 6 addressing original and appellate jurisdiction of appellate courts); Tex. Gov't Code § 22.221(d) (authorizing habeas-corpus jurisdiction for intermediate appellate courts where person's liberty is restrained "by virtue of order, process, or commitment issued by" court or judge in civil case); *see also* Tex. Code Crim. Proc. art. 11.05 (vesting "power to issue the writ of habeas corpus" in "[t]he Court of Criminal Appeals, the District Courts, the County Courts, or any Judge of said Courts"). "As an intermediate appellate court, our habeas-corpus jurisdiction in criminal matters is appellate only." *See Scott v. District Courts of Comal Cnty*, No. 03-22-00783-CV, 2023 WL 2334975, at *1 (Tex. App.—Austin Mar. 3, 2023, no pet. h.) (mem. op.) (quoting *In re Wilkins*, No. 03-20-00381-CV, 2020 WL 5608486, at *1 (Tex. App.—Austin Sept. 17, 2020, orig. proceeding) (mem. op.)).

Similarly, to the extent that Smith's filing could be viewed as a petition for writ of mandamus, he would not be entitled to his requested relief. "To be entitled to relief, Smith has the burden of providing this Court 'with a sufficient petition and record to establish his right to mandamus relief.'" *See id.* (quoting *In re Martin*, No. 13-10-00336-CR, 2010 WL 2643086, at *1 (Tex. App.—Austin June 25, 2010, orig. proceeding) (mem. op., not designated for publication)). Smith was required to file an appendix containing, among other things, "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." Tex. R. App. P. 52.3(k). Further, Smith was required to file a record containing

2

sworn copies "of every document that is material to [his] claim for relief and that was filed in any underlying proceeding." *Id.* R. 52.7(a). Smith has failed to meet these requirements and, therefore, failed to provide a petition and record that are sufficient to establish his right to the requested relief. *See Scott*, 2023 WL 2334975, at *1.

For these reasons, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), (c).

_____

Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Triana and Theofanis

Dismissed for Want of Jurisdiction

Filed: April 7, 2023